BEFORE THE THIRD DIVISION

NOVEMBER 3, 1958

**No. 62433.**—Geo. Wm. Rueff, Inc. v. United States, protests 274728–K/14612 and 274729–K/14684.—

DONLON, Judge:  In my view, our decision entered July 24, 1958, exceeded the issue then before us for decision and should be set aside.   The issue before us was defendant's motion to dismiss the protests on two grounds, first, that they were untimely and, second, that they are not claims against action of the collector which involves the rate or amount of duty or any decision by the collector.

Defendant's motion to dismiss was overruled.

Section 520 (c) (1) of the tariff act does not require that petitions for relief on the ground of clerical error, shall, in every case, be filed "within one year after the date of entry."   It is not clear that this is such a case.

Whether or not the motion to dismiss might have been granted if defendant had moved for dismissal on the ground presently stated by the majority, due consideration for the rights of the parties, including the right of appeal, requires that we set aside so much of our decision as decides the protests on the merits and give plaintiff the opportunity to meet any new motion or to present proofs.

The motion for rehearing should be granted.

BEFORE THE FIRST DIVISION, NOVEMBER 10, 1958

**No. 62434.**—Simon International Corp. and Rohner Gehrig & Co., Inc. v. United States, protests 313125–K, 314759–K, and 315288–K (New York).

MOLLISON, Judge: The merchandise the subject of these three protests, which were consolidated for trial, was assessed with duty by the collector of customs at the rate of 25 per centum ad valorem under the provisions of paragraph 411 of the Tariff Act of 1930, as modified, by similitude of use under paragraph 1559 of the said act to the straw bags therein provided for.

The protest claim in each case is for duty at the rate of 12½ per centum ad valorem under the provision in paragraph 1537 (a) of the said act, as modified, for manufactures of sea grass, not specially provided for.

When the cases were called for trial on April 7, 1958, it became apparent that the plaintiffs' claim was based upon the contention that the bags in issue were composed of rush and that rush is a form of sea grass.   A witness whose testimony was offered by the plaintiffs identified the material of which they were manufactured as rush grass or bullrush grass, but plaintiffs were unable to establish at that time that such grasses were sea grass.   A continuance of several months was granted to enable plaintiffs to procure evidence on the point, but when the cases were called on the trial calendar of this court on October 6, 1958, it appeared that plaintiffs were unable to proceed with any further proof.   The court thereupon ordered the cases dismissed for want of prosecution.

Judgment will, therefore, issue accordingly.